RECEIVED
MAY 1 5 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| CHARLES RAY BROWN | CIVIL ACTION NO. 05-1269-P |
| VERSUS | JUDGE HICKS |
| LARRY C. DEEN, ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Charles Ray Brown ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on July 13, 2005. Plaintiff is currently incarcerated at RCC in Ferriday, Louisiana, but he complains his civil rights were violated by prison officials while incarcerated at the Bossier Sheriff Correctional Facility in Plain Dealing, Louisiana. He names Larry C. Deen, Warden Rucker, Mark Talaso, Michael Beckham and Deputy Talaso as defendants.

Plaintiff was ordered on November 22, 2005 to file, within 30 days of the service of the order, a copy of all steps taken in the Administrative Remedy Procedure and responses to said ARPs and an amended complaint. On December 5, 2005, that Memorandum Order was returned to this Court by the United States Post Office marked

"rts/ref/trans claiborne." On February 24, 2006, Plaintiff's address was updated and the Memorandum Order was mailed to his updated address. To date, Plaintiff has not complied with the Memorandum Order.

Accordingly;

**IT IS RECOMMENDED** that this complaint be **DISMISSED WITHOUT PREJUDICE**, sua sponte, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the Court and under the Court's inherent power to control its own docket. See Link v. Wabash Railroad Company, 370 U.S. 626, 82 S.Ct. 1386 (1962); Rogers v. Kroger Company, 669 F.2d 317, 320-321 (5th Cir. 1983).

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79

F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this _15th_ day of May 2006.

_____
**MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE**

H:\PRO SE\RULE41\Brown.1983.amd.proof.5-06.wpd